# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR619-010 |
| | ) | |
| ANTHONY T. SECURO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Anthony Securo, charged with several counts related to an alleged Medicaid fraud, has filed several discovery motions, a motion to strike material from the indictment, and a motion for a pre-trial hearing on the admissibility of certain evidence. *See* docs. 23, 24, 25 & 26. The Government opposes. *See* docs. 27, 28. On January 22, 2020, the Court held a hearing on the pending motions. The parties presented oral argument on the motions, but no evidence was admitted. The Court will address each of Securo's motions in turn.

Defendant's first motion, captioned a "general" discovery motion, sought "any and all evidence exculpatory in nature," as further illustrated in the motion. Doc. 23 at 1. At the hearing, defense counsel informed the Court that he was not aware of any items the Government had yet to produce. Accordingly, he conceded that the discovery motion

was moot. As reflected in the minutes of the hearing, the motion is **DISMISSED** as moot. Doc. 35.

Defendant's second motion, captioned as a "special" discovery motion, requested production of certain software and related data related to defendant's employment. *See* doc. 24 at 1-2. The Government responds that it cannot be compelled to produce that material because it does not have possession, custody, or control over it. Doc. 27 at 4. At the hearing, defense counsel agreed that the Government had provided information about the identities of the parties likely to have custody or control over the software and its data. He also conceded that it was undisputed that the Government did not possess the requested material. Accordingly, his request for an order requiring the Government to produce the material is **DENIED**. Doc. 24; *see, e.g.,* Fed. R. Crim. P. 16(a)(1)(E) (requiring disclosure of documents and objects "if the item is within the government's possession, custody, or control").

Securo's third motion seeks to strike surplusage from the indictment. Doc. 25. His written motion identified several statements in the "Introduction" section of the indictment—related to the extent of Securo's medical practice—and an allegation concerning the state-law

requirements for a telemedicine practice as surplusage. *Id.* at 2-3. At the hearing, defendant withdrew his objection to the Indictment's recitation of the regulatory requirements of a telemedicine practice. The only remaining objections, therefore, are to the introductory allegations related to the scope of his practice. First, he objects that the allegations imply that his practice did not involve legitimate medical treatment, even where it alleges no specific criminality. *Id.* at 2. Second, he objects to references to the volume of his practice, suggesting that the Government seeks to imply criminal activity outside the specific instances charged. *Id.* at 3.

The Government correctly points out that the standard for striking alleged surplusage from an indictment is "most exacting." Doc. 27 at 5 (quoting *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). The Eleventh Circuit has explained that such motions "should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *Id.* (quotes and cite omitted). As this Court recently recognized, "allegations . . . relevant to the picture the Government will likely paint at trial, [which] explain[ ] the circumstances" of the alleged criminal conduct are not irrelevant,

3

even where they involve "a certain element of 'shock value'." *United States v. Bynes*, 2019 WL 4635587, at * 5 (S.D. Ga. Aug. 29, 2019).

Securo has simply not met the "exacting standard" necessary to strike the challenged material. He has not established that the challenged material is irrelevant to the charged conduct. As the Government argued at the hearing, the allegations regarding the volume of Securo's medical practice is relevant as background to the alleged acts of fraud. Even if Securo *had* established that the allegations were irrelevant, however, he has not established that they are "inflammatory and prejudicial." Accordingly, Securo's motion to strike surplusage is **DENIED**. Doc. 25.

Securo's final motion, challenged the admissibility of certain anticipated Government evidence and sought a hearing. Doc. 26. At the hearing, the Court sought clarification from defendant about precisely what evidence he contended was inadmissible and whether his motion, captioned as a "notice of [his] intent to object" to that evidence was not a premature motion *in limine*. Both parties agreed that consideration of the motion would only be possible once the Government had made some determination of what evidence it was likely to rely on. They further

4

agreed that defendant's challenge was, effectively, a motion *in limine*. Based on that agreement, Securo has withdrawn his motion, reserving his right to pursue a motion *in limine* at a time closer to trial.[1]  Doc. 37. The Clerk is, therefore, **DIRECTED** to terminate the motion as withdrawn.  Doc. 26.

**SO ORDERED,** this 28th day of January, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Securo has filed a motion to withdraw.  Doc. 37.  For the reasons explained above, that motion is **GRANTED**.